# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH LONDON,**

    **Plaintiff,**

  v.            Case No. 18-cv-1655

**SCOTT WALKER,** *et al.***,**

    **Defendants.**

## ORDER

  Plaintiff Keith London, a Wisconsin state prisoner who is representing himself, filed a complaint on October 17, 2018. The case was assigned to U.S. District Judge Pamela Pepper. On November 16, 2018, Judge Pepper referred the case to this court to handle all pretrial proceedings. (ECF No. 11.)

  On the same day that London filed his complaint, he filed a motion for leave to proceed without prepaying the filing fee. The clerk's office mailed London a letter explaining that the Prison Litigation Reform Act requires that, in support of his motion, he must provide the court with a certified copy of his trust account statement for the six-month period immediately preceding the date he filed his complaint. Without a trust account statement, the court cannot determine whether London is eligible to proceed

without prepaying the filing fee. The clerk's office asked London to provide his trust account statement within twenty-one days (which was November 8, 2018). London has not complied with the request.

Less than a week after filing his complaint, on October 22, 2018, London filed a notice of interlocutory appeal. On November 14, 2018, he filed a motion for leave to appeal without prepaying the filing fee (*i.e., in forma pauperis*). Under 28 U.S.C. § 1915(a)(3), a party may not proceed *in forma pauperis* on appeal if the district court certifies that the appeal is not taken in good faith. An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). To act in bad faith means to sue on the basis of "a claim that no reasonable person could suppose to have any merit." *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

As noted, London filed his notice of appeal less than one week after filing his complaint. At that point, the court had not entered any orders, nor has it since. Given that there is nothing for London to appeal, the court finds that his appeal is taken in bad faith and will deny his motion for leave to appeal without prepaying the filing fee.

London incurred the filing fee for his appeal when he filed the notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997), *rev'd on other grounds by, Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Accordingly, he must send the $505 filing fee for his appeal to the clerk of court by **December 14, 2018**. *Id.;* Seventh Circuit Rule 3(b). Failure to pay the filing fee in full by the deadline may result in the Court of Appeals for the Seventh Circuit dismissing the appeal. *Newlin*, 123 F.3d at 434.

London also asks to consolidate this appeal with appeals in other cases. The district court does not have jurisdiction over London's appeals. If London wants to consolidate his appeals, he must file his request in the Court of Appeals for the Seventh Circuit.

**THEREFORE, IT IS ORDERED** that, by **December 14, 2018**, London must (1) pay the $400 filing fee for this case; *or* (2) provide the court with a certified copy of his trust account statement that covers the six-month period immediately preceding the date he filed his complaint; *or* (3) explain to the court why he is unable to file a certified copy of his trust account statement. If London does not comply with this order, the court will deny his motion for leave to proceed without prepaying the civil case filing fee and will recommend to Judge Pepper that she dismiss this case without prejudice. If London no longer wishes to pursue this case, he may voluntarily dismiss it prior to the December 14, 2018 deadline.

**IT IS FURTHER ORDERED** that London's motion to consolidate his appeals (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that London's motion for leave to appeal without prepaying the filing fee (ECF No. 9) is **DENIED** because this court certifies that London's appeal has been taken in bad faith.

**IT IS FURTHER ORDERED** that London must send the $505 filing fee for his appeal to the clerk of court by **December 14, 2018**. London's failure to pay the filing fee for his appeal may result in the dismissal of his appeal. London must clearly identify his payment with the case name and number assigned to this case (18-cv-1655) and to his appeal (18-3280).

The clerk's office will send copies of this order to the warden of the institution where London is confined and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin this 28th day of November, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge