UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH LONDON,

                    Plaintiff,

v.                                                Case No. 18-cv-1655-pp

SCOTT WALKER, *et al.*,

                    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE WILLIAM DUFFIN'S REPORT AND RECOMMENDATION (DKT. NO. 14) AND DISMISSING THE CASE**

On October 17, 2018, the plaintiff filed a complaint alleging that the defendants violated his civil rights. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. That law allows incarcerated plaintiffs to proceed with their cases without prepaying the civil case filing fee if they satisfy certain conditions. One of those conditions is that they submit a certified copy of their trust account statement covering the six-month period preceding the filing of their complaint. The plaintiff did not file the certified copy of his trust account statement when he filed his motion to proceed without prepaying the filing fee, and he did not file it even after the clerk's office sent him a notice on November 15, 2018, telling him to file the trust account statement within twenty-one days. Dkt. No. 10.

1

On November 16, 2018, the court referred this case to Magistrate Judge William Duffin for all pretrial matters. Dkt. No. 11. On November 28, 2018, Judge Duffin ordered that by December 14, 2018, the plaintiff must either pay the $400 filing fee, provide the court with a copy of his certified trust account statement or explain to the court why he couldn't file the trust account statement. Dkt. No. 12. Judge Duffin warned the plaintiff that if the court did not receive the filing fee, the trust account statement or the plaintiff's explanation by December 14, 2018, the court would deny the plaintiff's motion to proceed without prepaying the filing fee, and Judge Duffin would recommend that this court dismiss the case without prejudice. Id. at 3.

The plaintiff did not file his trust account statement, or an explanation of why he couldn't file it, or pay the filing fee by December 14, 2018. In fact, the court has not heard from the plaintiff since November 14, 2018, when he filed his motion for leave to appeal without prepaying the filing fee. Dkt. No. 9. So on January 2, 2019, Judge Duffin denied the plaintiff's motion to proceed without prepayment of the filing fee and recommended that this court dismiss the case. Dkt. Nos. 13, 14. Judge Duffin informed the plaintiff that he had to file any objections to the recommendation within fourteen days—in other words, by January 16, 2019 or so. The court has not received any objections from the plaintiff.

The court is aware that the defendant was released to extended supervision on January 9, 2019. See https://appsdoc.wi.gov/lop/detail.do, last checked January 23, 2019. But he was in custody at Dodge Correctional

Institution when the clerk's office sent him the letter giving him a deadline to file his trust account statement. He was in custody at Dodge when Judge Duffin issued the order requiring the plaintiff to file the trust account statement or pay the fee. He was in custody at Dodge on the date of the deadline for filing the trust account statement or the fee. And he was in custody at Dodge on the date Judge Duffin issued his report and recommendation. The plaintiff has not provided the court with his new address (and it is his responsibility to keep the court updated, if he wants the court to process his case). It appears that the plaintiff has decided that he no longer wants to proceed with this case (or the other two cases he had pending in this court).

The court agrees with Judge Duffin's report and recommendation. The court also notes that even if the plaintiff had paid the filing fee or provided his trust account statement, it is likely that Judge Duffin would have required him to file an amended complaint. The complaint is forty-six, single-spaced, typewritten pages of allegations against "The Entire State of Wisconsin." Dkt. No. 1 at 5. Much of the complaint states the same claims that the plaintiff alleged in his other two cases before this court. The complaint makes numerous allegations against unrelated people on unrelated topics; it violates Federal Rules of Civil Procedure 18 and 20. But because the plaintiff has not complied with the Prison Litigation Reform Act, Judge Duffin did not screen the complaint, and this court need not do so, either.

The court adopts Judge Duffin's report and recommendation and incorporates his conclusions and the reasoning supporting those conclusions in this order.

The court **ORDERS** that this case is **DISMISSED without prejudice** based on the plaintiff's failure to provide his trust account statement or pay the $400 filing fee, and based on the plaintiff's failure to comply with Judge Duffin's order.

Dated in Milwaukee, Wisconsin, this 29th day of January, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**